UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LEE SIMS,<br><br>    Plaintiff,<br><br>    v.<br><br>P. SULLIVAN, et al.,<br><br>    Defendants. | Case No. 16-cv-06779-JST (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner at Salinas Valley State Prison ("SVSP") proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

A.    <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

Plaintiff alleges that in March of 2016, he and his cellmate, who he refers to as "Inmate Curry," were not getting along.  During the week of March 6, 2016, Inmate Curry asked defendant correctional officer G. Marquez for a cell move.  Marquez informed Inmate Curry that in order to receive a cell move, Inmate Curry and plaintiff would have to fight.  On March 16 or 17, 2016, Inmate Curry once again asked Marquez for a cell move, and Marquez once again informed Inmate Curry that he and plaintiff would have to fight.  As a result of Marquez's instructions, plaintiff and Inmate Curry assaulted each other on March 12, March 16, and March 18, leaving them both injured.  When liberally construed, these allegations are sufficient to state a cognizable claim against Marquez for deliberate indifference to plaintiff's safety in violation of the Eighth Amendment.

Plaintiff also alleges that on March 18, 2016, defendant correctional officer S. Zavala was working in the tower of the building where plaintiff and Inmate Curry were housed.  Zavala fired a wooden block round at plaintiff's right leg, purportedly to break up the fight between plaintiff and Inmate Curry.  At the time the shot was fired, plaintiff and Inmate Curry were not actively fighting.  The shot broke plaintiff's tibia.  When liberally construed, these allegations are

2

sufficient to state a cognizable claim against Zavala for excessive force in violation of the Eighth Amendment.

Finally, plaintiff names as defendants SVSP Lieutenant J. Stevenson and SVSP Captain P. Sullivan. The crux of plaintiff's allegations against Stevenson and Sullivan is that he believes they are responsible for plaintiff's injuries because they supervised Marquez and Zavala. Plaintiff has failed to present sufficient allegations linking defendants Stevenson and Sullivan to any constitutional violation; therefore they will be dismissed from this action. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Should plaintiff wish to amend his complaint to include defendants Stevenson and Sullivan, he must do so within **28 days** of the filing date of this Order. Plaintiff is advised that in order to state a cognizable claim against a defendant, he must show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff is cautioned that there is no respondeat superior liability under section 1983. See Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (recognizing that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint states cognizable Eighth Amendment claims as against defendants Marquez and Zavala.

2. Plaintiff's claims against defendants Stevenson and Sullivan are DISMISSED without prejudice. The Clerk shall terminate these defendants from the docket in this action.

3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (dkt. no. 1), and a copy of this order upon **Correctional Officer G. Marquez** and **Correctional Officer S. Zavala** at **Salinas Valley State Prison**.

3

1    The Clerk shall also mail a courtesy copy of the complaint and this order to the California
2    Attorney General's Office.
3        4.    In order to expedite the resolution of this case, the Court orders as follows:
4        a.    No later than **91 days** from the date this order is filed, defendants must file
5    and serve a motion for summary judgment or other dispositive motion.  A motion for summary
6    judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and
7    adequate notice of what is required of him in order to oppose the motion.  Woods v. Carey, 684
8    F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th
9    Cir. 1998), must be served concurrently with motion for summary judgment).[1]

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

    b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c.    Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

    5.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about

---

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).  Such a motion should also incorporate a modified Wyatt notice in light of Albino.  See Wyatt v. Terhune, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The Rand notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. Woods, 684 F.3d at 939).

6. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: March 2, 2017

JON S. TIGAR
United States District Judge